UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RICHMOND BROWN TAYLOR, | Case No. 1:08-cv-556 |
| Plaintiff, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Scoville |
| BARBARA S. SAMPSON *et al.*, | |
| Defendants. | |

**Order Overruling Plaintiff's Conclusory Objection and Adopting the R&R;
Dismissing the Complaint for Failure to State a Claim;
Terminating the Case**

Plaintiff Richmond Brown Taylor ("Taylor") is incarcerated in a Michigan state prison. The Michigan Parole Board ("Board") issued a report recommending that the Governor of Michigan not commute Taylor's sentence pursuant to the discretionary authority granted by Article 5, Section 14 of the Michigan Constitution of 1963. Taylor brings this action under 42 U.S.C. § 1983, contending that Barbara S. Sampson and the other defendants violated his procedural and substantive due process rights by failing to provide him with a copy of the Board's report. Pursuant to the Local Civil Rules, this matter was automatically referred to the Honorable Joseph G. Scoville, United States Magistrate Judge, for a Report and Recommendation ("R&R").

Title 28 U.S.C. § 636(b)(1) provides, "Within ten days after being served with a copy [of an R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." Likewise, Federal Rule of Civil Procedure 72 provides that "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations." *See*

*Deruso v. City of Detroit*, 121 F. App'x 64, 66 n.2 (6th Cir. 2005) ("The Rule requires parties to file objections to a magistrate's report and recommendation within ten days of the time the report is filed.") (citing FED. R. CIV. P. 72(a)); *Rodger v. White*, 1990 WL 95624, at *2 (6th Cir. July 11, 1990) ("Ordinarily, parties must file objections and exceptions to the magistrate's report within ten days of its issuance.") (citing 28 U.S.C. § 636(b)(1)). Clerk's Office docket records indicate that the R&R was issued on Tuesday, July 15, 2008 and Taylor filed his purported objection on Monday, July 21. The court finds that Taylor's objection was timely.

The court also determines, however, that Taylor's objection is conclusory and not sufficiently specific, articulated, or supported to trigger *de novo* or any other level of review. Taylor's objection states, in its entirety:

> With accordance to due process, this plaintiff do[es] not have anything against the Governor, or Barbara S. Sampson, and this plaintiff is not asking them to pay any money. But only requesting that the court order defendant(s) to provide plaintiff a copy of the Parole Board's Recommendation only. A copy to plaintiff / Parole Board's recommendation that is, serves to "ensure the reliability of the evidence against this plaintiff, by subjecting it to rigorous testing" in an adversarial proceeding. This action is taken in absolute good faith, and states a claim of action.
>
> All plaintiff is asking the court, is to order defendant(s) to provide plaintiff with said copy if he is entitled to same, and protect his constitutional procedural due process rights.
>
> This plaintiff objects to the court's Report and Recommendation at this Time. Plaintiff declares under penalty of perjury that the foregoing is true and correct to the best of his knowledge and belief.

Taylor's Objection at 1.

As the United States Supreme Court has held,

> The statutory provision we upheld in *Raddatz* [447 U.S. 667 (1980)] provided for *de novo* review only when a party objected to the magistrate's findings or recommendations. *See* 28 U.S.C. § 636(b)(1). To the extent *de novo* review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties.

*Peretz v. US*, 501 U.S. 923, 939 (1991) (citation and internal quotation marks omitted).[1]

Furthermore, the failure to file timely *specific* objections obviates not only *de novo* district-judge review of the R&R, but *all* district-judge review. Again in the words of the Supreme Court,

> In 1976, Congress amended § 101 of the Federal Magistrates Act, 28 U.S.C. § 636, to provide that a United States district judge may refer dispositive pretrial motions, and petitions for writs of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions. The amendments also provide that any party that disagrees with the magistrate's recommendations "may serve and file written objections" to the magistrate's report, and thus obtain *de novo* review by the district judge.
>
> * * *
>
> Petitioner first argues that a failure to object waives only *de novo* review, and that the district judge must still review the magistrate's report [regarding the case-dispositive matters listed in § 636(b)(1)(A)] under some lesser standard. However, § 636(b)(1)(c) simply does not provide for such review. This omission does not seem to be inadvertent, because Congress provided for a "clearly erroneous or contrary to law" standard of review of a magistrate's disposition of certain pretrial matters in § 636(b)(1)(A) [essentially, non-dispositive motions]. Nor does petitioner point to anything in the legislative history of the 1976 amendments mandating review under some lesser standard. *We are therefore not persuaded that the statute requires some lesser review by the district court when no objections are filed.*

*Thomas v. Arn*, 470 U.S. 140, 141-42, 149-50 (1985) (emphasis added, citation to enacting legislation omitted).

In any event, the court finds the R&R's outcome and rationale to be sound.[2] For the reasons

---

[1]

*See, e.g., Johnson v. Comm'r of Soc. Sec.*, 2007 WL 2292440, *1 (N.D. Ohio 2007) ("The Federal Magistrates [1] Act requires a district court to conduct a *de novo* review only of those portions of the Report to which an objection has been made.") (Gwin, J.).

[2]

Accordingly, district judges in our circuit routinely adopt R&Rs without additional written analysis where the parties have not timely and specifically objected:

> "It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo *or any other standard*, when neither party objects to those findings."  * * *  Because neither party filed timely objections to Magistrate Judge Pepe's Report and Recommendation . . . this Court need not conduct a review.

explained by the R&R, Taylor's federal procedural due process and "substantive due process" claims fail to state a claim on which relief can be granted.[3]

---

*Russell v. Caruso*, 2007 WL 3232126, *2 n.3 (W.D. Mich. 2007) (Maloney, J.) (quoting *Brown v. US*, 2007 WL 2156283, *1 (E.D. Mich. 2007) (Gadola, J.) (quoting *Thomas v. Arn*, 474 U.S. 140, 150 (1985))). *See also Veltkamp v. Comm'r of Soc. Sec.*, 528 F. Supp.2d 716, 718 n.2 (W.D. Mich. 2007) (Maloney, J.);

   *Wallace v. Jackson*, 2006 WL 467915, *1 (E.D. Mich. 2006) (Gadola, J.) (citing *Lardie v. Birkett*, 221 F. Supp. 806, 807 (E.D. Mich. 2002)); *Tangwall v. Robb*, 2003 WL 23142190, *1 (E.D. Mich. 2003) (Lawson, J.) (where party's objections to R&R were untimely, court stated, "[T]he failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion [considered in the R&R].").

[3] The court adds only one item to the well-reasoned R&R. The R&R states, "A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint." R&R at 2 (citing *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993)). Until mid-2007, our Circuit indeed followed this standard when applying FED. R. CIV. P. 12(b)(6), which comes from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *See Williams v. Allegan Cty. Sheriff's Dep't*, 2008 WL 1701649, *1 n.1 (W.D. Mich. Apr. 9, 2008) (Maloney, J.) (quoting *MacDermid v. Discover Fin. Servs.*, 488 F.3d 721, 728 (6th Cir. 2007) (citation omitted)).

   However, in *Bell Atlantic Corp. v. Twombly*, – U.S. –, 127 S.Ct. 1955 (2007),

   the Supreme Court . . . clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 . . . . Additionally, the Court emphasized that even though a plaintiff need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* . . . .

   In so holding, the court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson* . . . categorizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 127 S.Ct. at 1969.

*Williams*, 2008 WL 1701649 at *1 n.1 (quoting *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007)) (paragraph break added). *See, e.g.,* applying *Twombly* standard: *Ybarra v. K&S Flooring Servs.*, 2008 WL 607267, *1 (W.D. Mich. Feb. 29, 2008) (Enslen, J.) & *Hudson v. Phillipson*, 2008 WL 356884, *2 (W.D. Mich. Feb. 7, 2008) (Miles, J.).

Taylor's procedural due process claim fails on its merits because he has no constitutionally protected liberty interest in the Governor's discretionary commutation of his sentence. In addition to the decisions cited in the R&R, *see Manning v. Unknown Parties*, 56 F. App'x 710, 711 (6th Cir. 2003) ("[T]he power of the Governor of Michigan to grant a reprieve, commutation, or pardon does not create a liberty interest in such release."); *Vertin v. Gabry*, 1995 WL 613692, *1 (6th Cir. Oct. 19, 1995) (per curiam) (Lively, Ryan & Siler, JJ.) ("Michigan's computation guideline, PD-DWA-45.12, does not establish a liberty interest. * * * [T]he guideline explicitly states that a recommendation for commutation rests solely with the Parole Board and that the final decision of commutation rests solely with the Governor. This broad discretionary language simply does not create a liberty interest."); *Floyd v. Kent Cty., Michigan*, 2008 WL 2704711, *6 (W.D. Mich. July 9, 2008).

Taylor's *substantive* due process claim fails on its merits because, as a matter of law, the Board's failure or refusal to give him a copy of its commutation recommendation, or afford him input or influence in the formulation of that recommendation, does not "'shock the conscience'" or "'[interfere[]] with rights implicit in the concept of ordered liberty,'" *Wilson v. Berghuis*, 2007 WL

---

Nonetheless, as Chief Judge Bell has explained,

> *Bell Atlantic* focused on pleading requirements rather than evidentiary requirements . . . . *Bell Atlantic* did not suggest that an inquiry into the truth of the factual allegations would be appropriate under Rule 12(b)(6). On the contrary, the Supreme Court specifically noted that Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations, and that a well-pleaded complaint may proceed even if it appears that a recovery is very remote and unlikely.

*Continental Identification Prods., Inc. v. Entermarket Corp.*, 2007 WL 2963378, *6 (W.D. Mich. Oct. 9, 2007) (quoting *Twombly*, 127 S.Ct. at 1965) (quotation marks omitted).

*Twombly*'s modification of the 12(b)(6) standard does not affect the analysis or outcome here. In some cases, *Twombly* may make it *easier*, not harder, to grant 12(b)(6) dismissal than the *Conley* standard. *See Williams*, 2008 WL 1701649 at *1 n.1. Under *Conley* or the current *Twombly* standard, Taylor's complaint must be dismissed for failure to state a claim.

3302101, *6 (W.D. Mich. Nov. 6, 2007) (Maloney, J.) (quoting *US v. Salerno*, 481 U.S. 739, 746 (1987)), which is a "formidable" standard, *Wilson*, 2007 WL 3302101 at *6. *See, e.g.,* dismissing Michigan state prisoners' substantive due process claims: *Lagendyk v. Michigan Parole Bd.*, 2008 WL 2704741, *5 (W.D. Mich. July 9, 2008) ("[I]t cannot be said that the actions of the Parole Board in continuing to deny Plaintiff's release on parole either shock the conscience or interfere with rights implicit in the concept of ordered liberty."); *Bringard v. Caruso*, 2008 WL 1776974, *17 (W.D. Mich. Apr. 17, 2008) (Jonker, J.) ("[I]t cannot be said that the actions of the Michigan Parole Board in denying Plaintiff's release on parole seven times either shock the conscience or constitute an 'egregious abuse of governmental power.'") (quoting *Hampton v. Hobbs*, 106 F.3d 1281, 1288 (6th Cir. 1997)).

## ORDER

Accordingly, having reviewed Taylor's complaint, the R&R, and Taylor's objection, the court **OVERRULES** Taylor's objection and **ADOPTS** the R&R.

Taylor's motion for an extension of time [document # 6] is **DENIED**.

Taylor's motion for leave to amend the complaint [document # 6] is **DENIED**.

The complaint is **DISMISSED** for failure to state a claim on which relief can be granted.

This case is **TERMINATED.**

This dismissal **SHALL COUNT AS A "STRIKE"** for purposes of 28 U.S.C. § 1915(g).

The court **DETERMINES** that there is no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3).

A certificate of appealability **SHALL NOT ISSUE** from this court, because he has not "'made a substantial showing of the denial of a federal constitutional right.'" *Wardlaw v. Howes*, No. 04-cv-

848, slip op. at 1, 2008 WL – (W.D. Mich. June 16, 2008) (quoting *Harbison v. Bell*, 503 F.3d 566, 568 (6th Cir. 2007), *cert. denied*, – U.S. –, 128 S.Ct. 1479, *cert. granted on other grounds*, – U.S. –, – S.Ct. –, 2008 WL 2484732 (U.S. June 23, 2008) (Nos. 07-8520 & 07-8521). This is because Taylor has not demonstrated that "'reasonable jurists could disagree with the district court's resolution of his constitutional claims'" or that jurists could conclude that the issues raised are "'adequate to deserve further review.'" *Wardlaw*, 2008 WL – at *__ (quoting *Harbison*, 503 F.3d at 569 (citing *Banks v. Dretke*, 540 U.S. 668, 705 (2004))).

**This order is final, but it is not appealable.** *See Harris v. Detroit Pub. Schs.*, 245 F. App'x 437, 442 n.6 (6th Cir. 2007) ("[A] party's failure to object to the recommendations of a magistrate judge constitutes a waiver of the right to appeal.") (citing *US v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981)).[4]

**IT IS SO ORDERED this 25th day of July 2008.**

/s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge

---

[4]

*See Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006) ("Frontier did not file an objection to the default entry within ten days of the magistrate's report and recommendation. * * * Frontier's silence constitutes a waiver of the right to appeal the entry of default.");

*US v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) ("Sullivan failed to file objections to the magistrate judge's findings with the district court and, as a result, has waived any challenge to the district court's denial of his motion to suppress the identification evidence.");